**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Robert J.,**

    **Plaintiff,**

    v.

**Commissioner of Social Security,**

    **Defendant.**

Case No. 2:23-cv-2469

Judge Michael H. Watson

Magistrate Judge Gentry

## OPINION AND ORDER

Plaintiff filed for Supplemental Security Income on November 13, 2017. Tr. 447, ECF No. 7-5 at PAGEID # 476. His application was rejected initially and on reconsideration. Tr. 169, ECF No. 7-3 at PAGEID # 195; Tr. 186, ECF No. 7-3 at PAGEID # 212. After holding a hearing, the Administrative Law Judge ("ALJ") issued a non-disability decision. Tr. 32–46, ECF No. 7-2 at PAGEID # 57–71. The Appeals Council denied review, Tr. 1–4, ECF No. 7-2 at PAGEID # 26–29, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff sued here. Compl., ECF No. 1-2.

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's non-disability finding. R&R, ECF No. 10. Plaintiff timely objects. Obj., ECF No. 11.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R that Plaintiff properly objected to. Fed. R. Civ. P. 72(b).

Plaintiff lodges one objection: the ALJ found the state agency consultants' opinions persuasive but failed to incorporate their opinion that Plaintiff be limited to working in nonpublic settings. Obj., ECF No. 11. Plaintiff acknowledges that the ALJ limited him to "no interaction with the general public," but he contends that "no interaction with the general public" is not the functional equivalent of a "nonpublic work setting." *Id.* Rather, he contends, a "nonpublic work setting" means "a work setting free of the general public" (as opposed to one in which he does not interact with the general public). *Id.* at 5.

To begin, Plaintiff's objection is based on a false premise. The state agency consultants did *not* opine that Plaintiff should be limited to "a nonpublic work setting," as Plaintiff repeatedly asserts in his objection. In fact, the phrase "nonpublic work setting" appears nowhere in their opinions. Rather, the phrase used by the state agency consultants is simply "nonpublic setting." Tr. 168, ECF No. 7-3 at PAGEID # 194; Tr. 183, ECF No. 7-3 at PAGEID # 209. And, the consultants do not opine that Plaintiff should be limited to *working* only in a nonpublic setting; they opine that his *contact with coworkers and supervisors* should be both occasional and in a nonpublic setting. *Id.* (opining Plaintiff can "[t]olerate occasional (up to 1/3 of the time) contact with coworkers and supervisors in nonpublic settings[.]").

Indeed, the opinion that Plaintiff can "[t]olerate occasional . . . contact with coworkers and supervisors in nonpublic settings" is simply the consultants' narrative explanation of their opinions on Plaintiff's social interaction limitations. That is, as to Plaintiff's social interaction limitations, the consultants opined Plaintiff was markedly limited in his ability to appropriately interact with the general public, moderately limited in his abilities to accept instructions, respond appropriately to criticism from supervisors, and get along with coworkers/peers without distracting them or exhibiting behavioral extremes, and not significantly limited in his abilities to ask simple questions, request assistance, maintain socially appropriate behavior, or adhere to basic standards of neatness and cleanliness. Tr. 167, ECF No. 7-3 at PAGEID # 193; Tr. 183, ECF No. 7-3 at PAGEID # 209. When asked to explain those social interaction limitations in narrative form, the consultants opined, in pertinent part, that Plaintiff could "[t]olerate occasional (up to 1/3 of the time) contact with coworkers and supervisors in nonpublic settings[.]" Tr. 168, ECF No. 7-3 at PAGEID # 194; Tr. 183, ECF No. 7-3 at PAGEID # 209.

In the residual functional capacity ("RFC"), the ALJ stated Plaintiff could "occasionally interact with supervisors, and coworkers but can have no interaction with the general public." Tr. 37, ECF No. 7-2 at PAGEID 62. The RFC limiting Plaintiff to no interaction with the general public incorporates the consultants' opinion that Plaintiff is markedly limited in his ability to appropriately interact with the general public. And the RFC limitation to only occasional

contact with coworkers and supervisors incorporates the consultants' opinion that Plaintiff is moderately limited in his ability to accept instructions, respond appropriately to criticism from supervisors, and get along with coworkers and peers without distracting them.

Accordingly, because the consultants did *not* opine that Plaintiff could work only in a nonpublic setting, which is the basis of Plaintiff's objection, the same is **OVERRULED**.

Alternatively, even assuming the consultants limited Plaintiff to working in a "nonpublic setting," Plaintiff cites nothing for the proposition that "nonpublic setting" means only a "work setting free of the general public" such that the RFC is not supported by substantial evidence. The consultants' opinions do not define "nonpublic setting" so narrowly, and Plaintiff provides no caselaw so defining the term.

To the contrary, courts in this district have concluded that an RFC limiting a plaintiff's interaction with the public adequately incorporates opinions on the plaintiff's need to work in a nonpublic setting. *Good v. Comm'r of Soc. Sec.*, No. 2:20-cv-3781, 2021 WL 4771262, at *6 (S.D. Ohio Oct. 13, 2021) (concluding an RFC that the plaintiff "should avoid interactions with the public . . . properly incorporates the State agency psychologists' opinions that [the plaintiff] requires a separate work area in a non-public setting." (internal quotation marks omitted)), *adopted by* 2021 WL 6134169; *Slaughter v. Comm'r of Soc. Sec.*, No. 2:19-cv-4867, 2020 WL 2988468, at *8 (S.D. Ohio June 4, 2020) (concluding that, even if

the ALJ had adopted a specific opinion in full, an RFC precluding interaction with the general public and occasional interaction with supervisors and co-workers adequately accounted for the opined limitation of working in a "solitary/nonpublic work setting"), *adopted by* 2021 WL 1102617.

Plaintiff's terse rejection of this caselaw is unpersuasive as he fails to recognize that *Slaughter* involved an alternative conclusion, and he simply disagrees with *Good*. Obj. at 3, ECF No. 11 ("In *Slaughter*, the Court held that the ALJ had adequately explained why there was a deviation from the state agency psychologists' opinion."); *id.* ("The Court's declaration in *Good* was inconsistent with the plain language reading of the opinion . . . ."). Caselaw supports the R&R's conclusion that the RFC here fully incorporated the consultants' opinion.

Last, and finally, even when an ALJ finds opinions to be persuasive, the ALJ need not adopt every aspect of those opinions. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (citation omitted). Thus, even *if* the consultants opined that Plaintiff were limited to working in nonpublic settings, and even *if* that opinion were not adopted by the RFC's limitation to no interaction with the general public and occasional interactions with coworkers and supervisors,[1] the ALJ's rejection of that portion of the opinion is not reversible error so long as it is supported by substantial evidence, which it is here.

---

[1] *Cf. Collins v. Comm'r of Soc. Sec.*, No. 2:17-cv-1028, 2019 WL 1512539, at *5 (S.D. Ohio Apr. 8, 2019) (concluding limitation to "only occasional interaction with the public,

The ALJ noted throughout his decision that Plaintiff was "able to use public transportation and go out alone, which requires some ability to interact appropriately in public." Tr. 36, ECF No. 7-2 at PAGEID # 61. The ALJ further noted that Plaintiff's prior requirement to attend "a whole lot of classes for his rehabilitation program [suggested] some ability to tolerate" others. *Id.* Further, the ALJ quoted Plaintiff's friend as stating that Plaintiff "followed instructions from authority figures[.]" *Id.* The ALJ also recited Plaintiff's 2020 self-report that he could "go out in public and does well but other times it is very difficult," Tr. 43–44, ECF No. 7-2 at PAGEID # 68–69, and noted that Plaintiff was repeatedly cooperative and friendly during examinations, even when he was not medically compliant. Tr. 45, ECF No. 7-2 at PAGEID # 70. This constitutes substantial evidence supporting a limitation from interacting with the general public but not requiring complete isolation from the general public.

For each of the above reasons, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's non-disability finding. The Clerk shall enter judgment for the Commissioner and close this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

co-workers, and supervisors" is not equivalent to "a non-public setting with no close over-the-shoulder supervision"), *adopted by* 2019 WL 1858823.